## WADE HARRALL v. THE STATE.

THEFT — CHARGE OF THE COURT. — In a trial for theft, it being in proof that the accused claimed to have bought the property from a third party, the court instructed for acquittal if the jury believed that to be true, and also gave in charge the reasonable doubt, but refused to instruct that the State must disprove the alleged purchase. *Held*, not error.

APPEAL from the District Court of Gonzales.    Tried below before the Hon. E. LEWIS.

The indictment was for theft of a mare.    The accused introduced Ike Jackson and Wesley Peebles to prove that he bought the mare from a Mexican.    In rebuttal, the State introduced King to prove that Jackson and Peebles gave a different account of the transaction at the examining trial of the accused.

No brief for the appellant.

W. B. Dunham, for the State.

WHITE, J.    In this case the defendant proved that, when found in possession of the stolen animal, he stated he had purchased it from a Mexican.    One of. the errors assigned is that the court refused to give, in charge to the jury, a special instruction asked by his counsel, in the following words:    " The presumption is in favor of the innocence of the accused; and a reasonable account of how he came in possession of the animal must be disproved by the State before they (the jury) can find the defendant guilty."

In the general charge as given, the judge had already instructed the jury as to the reasonable doubt, and, further, charged them that " if the jury believe from the evidence that the defendant, Wade Harrall, did trade for the animal described in the indictment, from a Mexican, they should acquit him."    This charge was certainly as favorable to the defendant as the special instruction, and presented the same idea in a much more terse and pointed manner; for, under it, the jury could not have found the defendant guilty if they had believed that he had bought the animal of the Mexican, and it also follows that they must have believed that such account of his possession was not true ; else they could not have found him guilty.

A bill of exceptions was saved to the ruling of the court

in permitting the witness King to state what the testimony of Ike Jackson and Wesley Peebles, two of defendant's witnesses, had been when taken at the examining trial. The objection was that the written evidence was the best evidence. It is shown by the record that Ike Jackson's testimony at the examining trial had never been reduced to writing; consequently, the objection was not tenable, so far as his testimony was concerned. If any error was committed in this regard, so far as the testimony of the witness Peebles was concerned, then it was fully cured when the State produced the written testimony of that witness, and read it in evidence to the jury.

We see no error in the record for which the judgment should be reversed, and it is, therefore, affirmed.

*Affirmed.*